## I. H. Barton v. F. G. Rogers.

1. REAL ESTATE BROKER—*When Entitled to Commissions.*—Where property is placed with a real estate agent for sale, and a sale is brought about through his agency, he is entitled to his commissions even though the final negotiations are conducted without his knowledge, and the owner, in order to make the sale, is compelled to vary the original price and terms.

Assumpsit, for broker's commissions. Trial in the Circuit Court of Knox County; the Hon. GEORGE W. THOMPSON, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1899. Affirmed. Opinion filed July 20, 1899.

COOKE & STEVENS and CARNEY, SHUMWAY & RICE, attorneys for appellant.

PHILIP S. POST and EDWARD J. KING, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Rogers was a real estate agent. Barton owned real estate and had it in the hands of Rogers to sell, and also in the hands of other agents. Rogers had another client, Mrs. Hoadley, who had control of and wished to sell certain western lands, the title to which was in her daughter, Mrs. Shumway. Rogers brought Barton and Mrs. Hoadley together; his agency for both was disclosed at the first interview; and Barton and Mrs. Hoadley at that time settled the terms of a trade between themselves by which Barton was to dispose of his real estate. Afterward the trade between them was carried out on the precise terms so settled at the first conversation. As Rogers and Barton left Mrs. Hoadley's house, at the close of said first conversation, Barton asked Rogers what his commission would be, and the latter replied two and one-half per cent. The pending proposition was to take Barton's land at a valuation of $2,900, which would make the commission $72.50. Barton thereupon said he thought $50 enough, and Rogers said he would accept that sum. There was no special contract between Barton and Rogers, except this conversation fixing the compensation after the terms of sale had been arranged. In all other respects Rogers was acting under his general employment by Barton to sell his land.

This is a suit brought by Rogers against Barton to recover said commission. A justice of the peace, three circuit judges and four juries have sat upon the case. The first jury found for defendant, the second awarded plaintiff $50, the third disagreed, and the fourth gave plaintiff $25, on which latter verdict judgment was rendered, and defendant appeals therefrom.

The defense arises in this wise: Mrs. Hoadley needed $400 in money to enable her to make the trade. Rogers tried to get it for her, but failed. Barton was in haste, as a mortgage foreclosure against his land was threatened. Shumway, Mrs. Hoadley's son-in-law, ascertained that Webster, another real estate dealer in whose hands Barton had placed his land for sale, could furnish or procure the money for Mrs. Hoadley; but Webster demanded that if he did so

.the $50 commission be paid him, and that forty acres of said western lands, which Barton was to take, should be deeded to him.   Barton then notified Rogers that unless the $400 was obtained by a certain Friday the trade was off.   That day passed without Rogers finding the money.   Barton then ignored Rogers, and Webster furnished Mrs. Hoadley the $400, and received $50 commission from Barton.   It is clear from the evidence that the trade was not off after that Friday, and that Barton did not so intend.   He only intended by that means to relieve himself of liability to Rogers, and then to pay Webster the commission.

We are of opinion that the agent who found the buyer and brought the parties together could not be thus thrown out, and the trade then completed upon the very terms first arranged, and the seller escape responsibility to his agent. It was not any part of Rogers' duty to Barton to procure the money for Mrs. Hoadley.   Though at first not able to raise the money, she did get it and made the payment.   If Barton chose to make other concessions to complete the trade he had the right to do so at his own expense, but not at the expense of his agent, who had already found the purchaser and assisted him in arranging the details of the bargain as they were finally carried out.

Plaintiff's instructions were properly adapted to the different features of the evidence, and some of those given for defendant were extremely strong in his behalf, and we think he has no just ground of complaint in that respect.   The judgment is affirmed.